UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE MADERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN REAL ESTATE & PROPERTY MANAGEMENT,<br><br>　　　　Defendant. | Case No. 1:24-cv-00555-KES-CDB<br><br>ORDER SUA SPONTE REMANDING ACTION TO KERN COUNTY SUPERIOR COURT<br><br>Docs. 1, 2 |

This is an unlawful detainer action originally brought in state court under California law by plaintiff American Real Estate & Property Management ("American"), against defendant Alice Madera ("Madera"). On May 10, 2024, Madera, proceeding pro se, removed the case to this Court from the Kern County Superior Court.[1] Doc. 1. Madera's removal filing fails to identify any basis for removal jurisdiction in this court and fails to include the state court complaint. *See id.* The notice's caption lists state law claims for unlawful detainer and for misrepresentation, fraud, and concealment of title. Madera's filing also refers to various unrelated provisions of 26 C.F.R. and appears to request a temporary restraining order. *Id.* After

---

[1] Madera does not provide the underlying state court complaint. Her filing indicates the Kern County Superior Court case number is BCL-23-017016. In her notice of removal, she incorrectly styles herself as the plaintiff and American Real Estate & Property Management as the defendant. For clarity, the Court refers to the parties by their names. In the underlying unlawful detainer action, Madera is listed as the defendant and American as the plaintiff.

reviewing the record and the papers, the Court, *sua sponte*, orders this action remanded to the Kern County Superior Court.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" requires that "the court resolve[] all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d. 564, 566 (9th Cir. 1992). That is, federal question jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.3d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns. v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

As a preliminary matter, it does not appear that this action was timely or properly removed. A removing party must file a notice of removal of a civil action within 30 days of receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). Madera's removal documents do not identify the alleged date of service of process of the summons and complaint, nor do the removal documents contain a copy of the pleadings and orders served upon her in this action, as required for removal. *See* Doc. 1; 28 U.S.C. § 1446(a). However, according to Madera's notice of removal, American filed an unlawful detainer action against her prior to November 2, 2023. Doc. 1 at 2. Madera also attaches a state court notice of appeal in the case, filed February 22,

2024.  As Madera filed her notice of removal on May 10, 2024, it appears that her notice of removal was filed outside the thirty-day window and is untimely.

A district court does not have authority to remand *sua sponte* solely because of non-jurisdictional procedural defects in the removal process.  *See Kelton Arms Cond. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003); 28 U.S.C. § 1447(c).  The Court must also address subject matter jurisdiction.  *United Investors Life Ins. Co.*, 360 F.3d at 967.  There are two primary bases for federal subject matter jurisdiction:  federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Cal. ex. rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *Cal. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *see also Duncan*, 76 F.3d at 1485.  Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his [or her] own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose."  *Sacramento Metro. Air Quality Mgmt. Dist.*, 215 F.3d at 1014.

Madera's removal documents fail to invoke this Court's subject matter jurisdiction as they do not properly establish either federal question jurisdiction or diversity jurisdiction over this matter.  Madera's pleadings are difficult to comprehend, and the Court is unable to ascertain any properly pled federal claims in this action.  It appears that Madera seeks relief from a state law unlawful detainer action, which is not an appropriate basis for federal jurisdiction.  *See Federal National Mortgage Association v. Suarez*, No. 1:11-cv-01225 LJO GSA, 2011 WL 13359134, at *2 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Mathew v. O'Malley*, No. 21-cv-02216-JST, 2021 WL 2981978, at *2 (N.D. Cal. July 15, 2021) (collecting cases); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.").

That this case is, at heart, an unlawful detainer action is further demonstrated by Madera's later filing requesting an "Order to Stay under 404.5 BCL 23-017016 Stop the Eviction," which contains a copy of a notice to vacate from the Kern County Sheriff. Doc. 2. In her memorandum, Madera appears to argue that she has a covenant or easement, American's unlawful detainer action was based on fraud, and her business is a government agency.[2] Doc. 1 at 2–3, 6. "[T]he existence of federal jurisdiction depends solely on [American's] claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). Even if Madera had a federal defense to American's unlawful detainer action, that would not confer jurisdiction because the defensive invocation of federal law cannot form the basis of the court's jurisdiction. *See Caterpillar*, 482 U.S. at 393; *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005); *Wayne*, 294 F.3d at 1183; *Sacramento Metro. Air Quality Mgmt. Dist.*, 215 F.3d at 1014.

Likewise, Madera fails to identify any basis for diversity jurisdiction. Under 28 U.S.C. § 1332, district courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. Madera's filing does not include the complaint and Madera fails to establish that the amount in controversy meets the jurisdictional threshold. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). Moreover, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Madera's filing acknowledges that she is a citizen of California (*see* Doc. 1-1) and the complaint states that she resides at an address in Bakersfield,

---

[2] Madera appears to argue at times that her business is an agency of the federal government. Docs. 1 at 1, 6, 42, 1-1 at 1. The business in question is apparently named "It Is Written Government Agency/With A Legal Service's." Documents in Madera's filing identify Madera as the owner of the business, not the federal government. Madera's arguments are unsubstantiated and do not confer jurisdiction. *See id.* at 42.

California (Doc. 1).  There is therefore no ground for removal based on diversity jurisdiction.

For the reasons stated, the Court lacks subject matter jurisdiction over this action. Remand of this matter to the Kern County Superior Court is appropriate and mandatory.  28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. This action is REMANDED to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.
2. Madera's motion requesting an order to stay eviction (Doc. 2) is denied as moot.
3. The Clerk of Court shall mail a copy of this order to the clerk of the Kern County Superior Court.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   May 21, 2024

UNITED STATES DISTRICT JUDGE